```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
DONA J. JACKSON,

                        Plaintiff,           06-CV-6364

              v.                             **DECISION
                                             AND ORDER**
NEW YORK STATE, et al.,

                        Defendants.
_____
```

## INTRODUCTION

Plaintiff Dona J. Jackson ("plaintiff"), proceeding *pro se*, commenced a civil rights action pursuant to 42 U.S.C. § 1983 alleging deprivation of her constitutional rights in the Northern District of New York ("Northern District") on May 9, 2003. On June 30, 2006, Magistrate Judge David E. Peebles of the Northern District issued a Decision and Order ("June 30 Decision and Order"), which among other things recommended the transfer of this case to the Western District of New York ("Western District"). On August 8, 2006, District Judge Howard G. Munson of the Northern District accepted and affirmed Judge Peebles' June 30, 2006 Decision and Order transferring the case to the Western District ("August 8 Decision and Order").

On August 21, 2006 plaintiff filed the following "combined" motions in the Western District (Dkt. No. 135) styled as follows:

1. "Plaintiff's Motion For Reconsideration/Appeal Of Judge David E. Peebles Unconstitutional June 30, 2006 Denial Ruling" (hereinafter "Motion I")

2. "Plaintiff's Motion To Vacate Judge Peebles' June 30, 2006 Denial Ruling" (hereinafter "Motion II")

3. "Plaintiff's Motion Demanding Return Of Case 5:03-CV-00577 (Northern District)/6:06-CV-06364 (Western District) Back To The Northern District" (hereinafter "Motion III")

4. "Plaintiff's Motion For Recusal/Removal/Disqualification & Impeachment of Judge David E. Peebles" (hereinafter "Motion IV")

5. "Plaintiff's Motion To Enjoin & Restrain The NYS Attorney General's Office/Dept. Of Law & AG Spitzer & His Staff Including AAG Goglia" (hereinafter "Motion V")

6. "Plaintiff's Motion For Default Against Defendants For Not Responding To The Court Ordered Third (3rd) Amended Complaints, Etc." (hereinafter "Motion VI")

7. "Plaintiff's Motion Demand For The Impaneling & Seating Of A Federal Grand Jury" (hereinafter "Motion VII")

8. "Plaintiff's Motion Demand For A Federal Grand Jury Investigation" (hereinafter "Motion VIII")

9. "Plaintiff's Motion Demand For The Appointment Of A Special Prosecutor, An Ombudsman, & A Blue Ribbon Panel" (hereinafter "Motion IX")

10. "Plaintiff's Motion Demand For A Northern District Jury Trial For NYSP Case (5:03-CV-0577-Case# - Northern District) (6:06-CV-06364 - Case# - Western District)" (hereinafter "Motion X")

11. "Plaintiff's Motion Demand For Order Of Protection/ Restraining Order Against Defendants, AG Spitzer, AAG Goglia, Judge Peebles, Etc." (hereinafter "Motion XI") and

12. "Plaintiff's Motion Request For Other Forms Of Relief That Have Been Requested & Denied Throughout The Past Thirty-Nine (39) Months." (hereinafter "Motion XII")

Defendants argue that the decision to transfer venue of this case to the Western District was determined by decision and order of the Northern District. As such defendants defer any decision on a motion for reconsideration to the decision of that court. For the reasons set forth below, plaintiff's combined motions are denied.

## DISCUSSION

### I. Motion I, Motion II And Motion III

Magistrate Judge Peebles' June 30 Decision and Order granted defendants' motion for an order transferring this case to the Western District pursuant to 28 U.S.C. § 1404(a). Thereafter, plaintiff filed a request to vacate transfer of the case to the Western District and/or appeal the decision of Magistrate Judge

Peebles granting defendants' motion to transfer.[1] Judge Munson's August 8 Decision and Order denied plaintiff's request to vacate the order transferring this action to the Western District.[2] Judge Munson further affirmed the remaining findings contained in the June 30 Decision and Order. Accordingly, this Court finds that plaintiff has previously requested the relief sought in Motion I, Motion II and Motion III and has been denied her request by decision of Judge Munson in the Northern District. Thus, plaintiff's Motion I, Motion II and Motion III are denied as moot.

**II.  Motion IV**

One of plaintiff's motions is a "motion for recusal/removal/disqualification & impeachment" of Magistrate Judge Peebles. As a threshold matter, this motion is no longer applicable since this case has been transferred to the Western District and Magistrate Judge Peebles will no longer be involved in this case. The strong weight of precedent and a fair reading of 28 U.S.C. §455(a) indicates that motions to recuse are to be determined by the judge for whom recusal is sought. See 28 U.S.C. § 455(a)("Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."); MacNeil v. Americold Corp., 735 F.

---

[1] Plaintiff also filed the identical motion in the Western District requesting the same relief. By Order dated August 28, 2006, this Court denied plaintiff's motion as moot.

[2] Plaintiff appealed Judge Munson's order to the Second Circuit Court of Appeals transferring her action to the Western District. By mandate dated December 15, 2006, the Second Circuit dismissed plaintiff's appeal. The Second Circuit determined sua sponte that it lacked jurisdiction over the appeal because a final appealable order has not been issued by the district court as contemplated by 28 U.S.C. § 1291.

Supp. 32, 35 (D. Mass. 1990); Southern Agriculture Co. v. Dittmer, 568 F. Supp. 645, 646 (D.C. Ark. 1983). The plaintiff failed to raise this matter directly before Magistrate Judge Peebles, however in any event, this issue is moot and plaintiff's motion is denied.

### III. Motion V and Motion XI

As part of her combined motion, plaintiff requests that the Office of the New York State Attorney General including his staff be enjoined from representing the defendants in this case. Further, plaintiff seeks a restraining order or an order of protection precluding these same defendants from contacting her and from being involved in any of her cases. Once again, this is not the first effort by plaintiff to have defendants' attorneys removed from the case. Prior applications by plaintiff seeking injunctive relief and orders of protection were denied by Magistrate Judge Peebles and Judge Munson in the Northern District. This Court has not been presented with any new circumstances, nor any proper basis to change any portion of Judge Munson's August 8 Decision and Order. Therefore, Motion V and Motion XI are also denied as moot.

### IV.  Motion VI

Plaintiff also filed a "Motion For Default Against Defendants For Not Responding To The Court Ordered Third (3rd) Amended Complaints, Etc." By Order dated March 28, 2006, the court in the Northern District granted plaintiff's motion to amend/correct her complaint and the clerk filed plaintiff's Third Amended Complaint. See Northern District Dkt. # 118 and Dkt. # 119. The Third Amended

Complaint added a number of additional defendants. Pursuant to that Order, plaintiff was directed to promptly serve her Third Amended Complaint upon counsel and file a certificate of service thereafter. Plaintiff has not served a copy of her Third Amended Complaint upon defendants' counsel. Plaintiff insists that since defendants have not responded to her Third Amended Complaint that they are in default. However, because plaintiff failed to serve her Third Amended Complaint upon defendants pursuant to the Court's March 28, 2006 Order defendants are not required to Answer the complaint. See Fed. R. Civ. P. 5(a) and (d).[3] Consequently, plaintiff's motion to enter default against defendants is premature since plaintiff must first serve defendants with a copy of the Third Amended Complaint so that defendants have notice and the opportunity to respond. Therefore, plaintiff's Motion VI is denied.

### V.   Motion VII, Motion VIII and Motion IX

In Motions VII, VIII and IX, plaintiff seeks the impanelment of a federal grand jury, investigation of matters asserted in her complaint by a federal grand jury and the appointment of a special prosecutor, an ombudsman and a blue ribbon panel. These requests for relief have previously been denied by Magistrate Judge Peebles and later affirmed by Judge Munson. Accordingly, plaintiff's motions are denied as moot.

---

[3] Rule 5(a) states in relevant part "[E]very pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants ... **shall** be served upon each of the parties." (emphasis added)
     Rule 5(d) states in relevant part "All papers after the complaint required to be served upon a party, together with a certificate of service, **must** be filed with the court within a reasonable time after service[.]" (emphasis added)

**VI.  Motion X**

Plaintiff has also made a demand for a "Northern District Jury Trial For NYSP Case (5:03-CV-0577 - Case# - Northern District)." As discussed in point I above, this case has been transferred to the Western District and is no longer pending in the Northern District. Therefore, plaintiff's demand for a jury trial in the Northern District is denied as moot.

**VII. Motion XII**

Finally, plaintiff moves for an order providing "Other Forms Of Relief That Have Been Requested & Denied Throughout The Past Thirty-Nine (39) Months." In essence, plaintiff seeks to reargue prior motions that have already been ruled upon in the Northern District, thus securing a rehearing on the merits. Because these motions were previously decided in the Northern District on the merits, the issues are barred from re-argument or further review by this Court. Plaintiff was afforded a full and fair opportunity to raise these issues in the Northern District, and although she may be unhappy with the result, the decision of the Northern District is controlling and will not be revisited by this Court. Therefore, plaintiff's Motion XII is denied.

**VIII. Plaintiff's Third Amended Complaint**

Plaintiff's Third Amended Complaint sets forth twelve (12) causes of action including claims under 18 U.S.C. § 1961, et seq, the Racketeer Influenced and Corrupt Organizations Act ("RICO") (see

cause of action 11) and claims of conspiracy against defendants alleging cover up, concealment and hiding police misconduct (see cause of action 3). However, Judge Munson's August 11, 2005 Decision and Order dismissed plaintiff's RICO claim and conspiracy claim. These claims asserted by plaintiff are barred by the doctrine of collateral estoppel. See Muhammad v. Warithu-Deen Umar, 98 F.Supp.2d 337, 343 (W.D.N.Y. 2000) (Court held the issues in both proceedings were identical, the relevant issues were actually litigated and decided in the prior proceeding, and there was a full and fair opportunity for the litigation of the issues in the prior proceeding); see also Rifkin v. Goord, 2005 WL 735943 at *2 (W.D.N.Y. 2005). The RICO and conspiracy claims that plaintiff asserts in her Third Amended Complaint are identical to those dismissed by Judge Munson in his August 11, 2005 Decision and Order. The plaintiff had a full and fair opportunity to litigate these issues in the Northern District and, therefore, the RICO claims and the conspiracy claims are barred by the doctrine of collateral estoppel.

## **CONCLUSION**

For all the above reasons, it is hereby ORDERED that:

1. Plaintiff's Motion I, Motion II, Motion III, Motion IV, Motion V, Motion VII, Motion VIII, Motion IX, Motion X and Motion XI are DENIED as moot.

2. Plaintiff's Motion VI is DENIED as premature.

3. Plaintiff's Motion XII is DENIED because the issues presented were previously decided in the Northern District and are

therefore, the law of the case and not subject to review by this Court.

4. Plaintiff's RICO claim and the conspiracy claim are DISMISSED.

ALL OF THE ABOVE IS SO ORDERED.

                                                s/Michael A. Telesca
                                                 Michael A. Telesca
                                       United States District Judge

DATED: Rochester, New York
       February 6, 2007