UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
DONA J. JACKSON,

                    Plaintiff,                06-CV-6364

      v.                                  **ORDER**

NEW YORK STATE, et al.,

                    Defendants.
_____

    Plaintiff Dona J. Jackson ("Plaintiff"), proceeding *pro se*, commenced a civil rights action in the Northern District of New York pursuant to 42 U.S.C. § 1983 alleging deprivation of her constitutional rights, which was later transferred to this Court.[1] On February 6, 2007, this Court issued a decision and Order denying Plaintiff's "combined motion" for relief. (Docket No. 139.) In that motion, Plaintiff requested, *inter alia*, that this Court "recuse or disqualify" a Magistrate of the Northern District of New York, disqualify the Attorney General's office from representing the Defendants in this case, appoint a special prosecutor and/or impanel a federal grand jury to investigate her case, issue an order of protection against the defendants, immediately grant her the relief she requests in her complaint ($10 million and certain injunctive and declarative relief), and issue a default judgment

---

[1] Familiarity with the facts and procedural background of this case as set forth in this Court's previous Orders, and those of the Northern District of New York is presumed. (Docket Nos. 129, 137, 139, 143, 144, 146); <u>Jackson v. New York State</u>, No. 03-CV-0577 (Northern District of New York ).

against the Defendants for failing to file an Answer to her third amended Complaint.  The Court denied Plaintiff's Motion in its entirety.

Plaintiff now files two separate Motions (Docket Nos. 149, 150), which - as best the Court can discern - are identical to each other in substance, and which both seek much of the same relief this Court previously denied in its Decision and Order dated February 6, 2007.  Accordingly, to the extent the same relief is requested, Plaintiff's motions are denied with prejudice. Plaintiff is directed to review this Court's Decision and Order and the Court's previous Orders in this case, as well as those Orders filed in the Northern District of New York, as Plaintiff has continuously sought and been denied similar relief by this Court and the Northern District of New York.  Plaintiff has presented no new facts or circumstances to warrant a reconsideration of any of the previous Orders.

Plaintiff now also requests an Order directing the Defendants to respond to this Court's Order to Show Cause for failure to prosecute pursuant to Local Rule 41(b) and that this Court "reschedule" an "Order to Show Cause hearing." (Docket Nos. 146, 147, 148 149).  The Order was issued for Plaintiff's seeming failure to prosecute this case, which, as the plaintiff in the case, she alone is required to do. See Fed. R. Civ. P. 41(b); Local Rule 41(b).  Further, the Court is not required to schedule oral

argument on such an Order, and Local Rule 41(b), which was provided to the Plaintiff, specifically states that court appearances are not required. Accordingly, Plaintiff's requests are denied as moot.

Plaintiff also seeks an immediate trial by jury and immediate relief with respect to all of her claims. However, a review of the docket sheet indicates that discovery in this case is not yet complete (or may not have begun) and the parties have not yet had an opportunity to file any final dispositive motions. Accordingly, Plaintiff's motion is denied as premature.

Lastly, Plaintiff moves for the recusal of the undersigned as well as all other federal and state judges in New York and its bordering states. For the reasons set forth herein and in this Court's previous Order, Plaintiff's motion for recusal of judges (including the undersigned) is denied with prejudice. Plaintiff has not presented any facts which would reasonably support such a request; and it appears that the only possible reason for seeking recusal is that the undersigned has heretofore denied several of her motions and/or dismissed several of her claims. However, such a basis is insufficient to support a motion for recusal. See In re International Business Machines Corp., 618 F.2d 923 (2d Cir. 1980). Accordingly, Plaintiff's motion for recusal is denied.

For the reasons set forth herein, and in this Court's previous Decisions and Orders, and those of the Northern District of New

York, Plaintiff's motions are hereby denied in their entirety.

In a separate Order, this case has now been referred to Magistrate Marion W. Payson, who will, presumably, Order a scheduling conference and/or issue a scheduling Order for the parties to proceed with this case. Following such a conference, Judge Payson is directed to consider whether to appoint counsel to assist Plaintiff with the prosecution of her case. Judge Payson is also directed to conduct expedited discovery in this case.

**Plaintiff is hereby warned that the failure to prosecute this case and to comply with any Order of the Court, including any scheduling Order, and the continued filing of repetitive and patently frivolous motions may result in sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. A possible sanction under these circumstances may include the dismissal of her case.**

**ALL OF THE ABOVE IS SO ORDERED.**

                                             s/Michael A. Telesca
                                                  Michael A. Telesca
                                       United States District Judge

DATED: Rochester, New York
       September 27, 2011