UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
DONA J. JACKSON,

                Plaintiff,            06-CV-6364

      v.                                   **ORDER**

NEW YORK STATE, et al.,

                Defendants.
_____

    Plaintiff Dona J. Jackson ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging various deprivations of her constitutional rights. After denying several of Plaintiff's duplicative motions for, *inter alia*, recusal of the undersigned and all other federal and state court judges in New York and the surrounding states, the court referred the case to Magistrate Judge Marian W. Payson for all pre-trial matters. (Docket No. 155.) Judge Payson scheduled a conference and the parties met (Plaintiff appeared by telephone) with Judge Payson to discuss the scheduling of discovery and any dispositive motion deadlines.

    Plaintiff then sent to Judge Payson a lengthy fax in which she indicated that she believed that the undersigned was acting as a "puppeteer" and Judge Payson a "puppet." Plaintiff also filed the instant motion, treated as a motion to vacate the referral order, in which she reiterates this notion, but states that it "is not an attack on Judge Payson" and that Judge Payson and her secretary

1

treated Plaintiff with respect. (Docket No. 163.) The Court notes that the transcript of the scheduling conference reveals that Plaintiff appeared to be satisfied with the proposals made by Judge Payson with respect to scheduling and moving the case forward. (Docket No. 166.)

An Order of referral can be withdrawn only by the district court, "for good cause shown on its own motion, or under <u>extraordinary circumstances</u> shown by any party." 28 U.S.C. § 636(c)(4); <u>Fellman v. Fireman's Fund Ins. Co.</u>, 735 F2d 55, 58 (2d Cir. 1984). Plaintiff has not presented any rational reasons why this Court should vacate the referral Order. Accordingly, Plaintiff's motion is denied.

Further, to the extent that Plaintiff seeks to raise arguments previously rejected by the Court in its Orders denying Plaintiff's several previous motions (for example, the recusal of the undersigned), the Court has already warned Plaintiff that she may be subject to sanctions (including dismissal) for the continued filing of patently frivolous and repetitive motions. (Docket No. 154.) The Court, however, notes that a motion to dismiss has been filed by the Defendants in this case; accordingly, the Court will consider the motion to dismiss before determining whether dismissal is an appropriate sanction in this case. Nonetheless, the Court finds that a sanction is appropriate for the filing of the instant, repetitive and frivolous motion. Therefore, it is hereby,

**Ordered, that <u>prior</u> to filing any further motions, Plaintiff must first seek permission to file any such motion by sending a letter to the Court, no longer than <u>one page</u> stating, briefly, the subject of such motion and the reasons why such relief should be granted.  Failure to comply with this procedure will result in the summary denial of any motion made by the Plaintiff in this case. Plaintiff, however, is permitted to respond to any motion for dismissal made by the Defendants without first seeking the Court's permission.**

**ALL OF THE ABOVE IS SO ORDERED.**

                                                s/Michael A. Telesca
                                                    Michael A. Telesca
                                           United States District Judge

DATED: Rochester, New York
        December 8, 2011